ISHAM, Respondent, v. POST et al., Appellants. (Supreme Court, Appellate Division, Second Department. April 14, 1900.) Action by Henry H. Isham, trustee, against Mary A. Post and Alfred E. Austin, as administrators of Augustus T. Post, deceased. From a judgment of

64 N.Y.S.—72

the supreme court on the report of a referee, and from an order granting plaintiff an extra allowance, defendants appeal. Affirmed. Alfred Ely, for appellants. Frederic A. Ward, for respondent.

WILLARD BARTLETT, J. The facts of this case as they were developed upon the first trial are sufficiently stated in the opinion of the court of appeals reversing the original judgment in favor of the plaintiff. Isham v. Post, 141 N. Y. 100, 35 N. E. 1084, 23 L. R. A. 90. On the second trial, the referee's conclusions of fact differed somewhat from those reached by the learned judge before whom the case was first tried. A careful examination of the present record convinces us, however, that the findings of the referee, even where they are more favorable to the plaintiff than those made upon the former trial, are amply sustained by the evidence; and we are also of the opinion that the admission of the proof which the court of appeals held to have been erroneously excluded did not call for any different disposition of the case than that made in the first instance by Mr. Justice Cullen, for the reason that such proof was by no means so strong as the court of appeals assumed it might be. The referee has found that there was no agreement or understanding between the plaintiff and Post that Post should receive no compensation for his services in making the loan. On the first trial it was expressly held that his services were to be without compensation, but that he was negligent in failing to take any precautions to verify the genuineness of the securities upon which the loan was made, and which turned out to be forged. "If a fair and reasonable examination of the papers," said Judge Finch, "in the room of a hurried and momentary glance, would have disclosed the fraud to the skilled eye of an experienced banker, or awakened a suspicion which would have led to a verification, then I think a finding of negligence would be justified"; and because the trial judge refused offers to prove that Post had loaned $50,000 of his own money partly on similar forged collateral securities, and that for several years the same forged certificates had been accepted in Wall street as collateral for loans, and had "deceived the skill and care of a great number of bankers and brokers," the judgment was reversed. On the trial now under review, Post's clerk, Shephard, testified for the first time that he examined the certificates "carefully." No details of this examination are given. What he meant by "carefully" does not appear. He would not swear that he knew the signature of any one of the persons by whom they were signed, and there is absolutely nothing in his testimony to indicate that he was possessed of any information which would constitute such inspection as he made of the securities any safeguard whatever to the person whose money was proposed to be loaned upon them. Then the proof which was put in under the offer excluded upon the first trial, as to the manner in which other bankers and brokers had made loans upon these forged collaterals, fell very far short of showing that the raised certificates had deceived their skill and care, as supposed by Judge Finch. It did show that numerous loans had been made upon the same certificates,

but there was an utter failure to prove any scrutiny thereof by or in behalf of the bankers or brokers who accepted them as collateral. Non constat but these bankers and brokers were just as careless and confident that the collaterals were all right as Shephard appears to have been. While this is undoubtedly a hard case for the defendants, its hardship arises from a lack of that care which is due even from a gratuitous mandatary. The readiness with which the fraudulent character of the certificates appears to have been detected when they were examined with real attention indicates that ordinary diligence on the part of the person who actually accepted them as security for the loan of the plaintiff's money would have insured their rejection. Complaint is made of the amount of the additional allowance, but we cannot say that it is excessive; and the litigation has certainly been difficult and extraordinary, within the meaning of the Code. Judgment affirmed, with costs.